UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ABRO MANAGEMENT CORP.,

                Plaintiff,

    v.

MIDVALE INDEMNITY COMPANY and DUAL COMMERCIAL LLC,

                Defendant.

20-Cv-7030 (SHS)

ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

    Defendant Midvale Indemnity Company removed this action from New York State Supreme Court, New York County, to this Court based on diversity of citizenship pursuant to 28 U.S.C. § 1332 on August 28, 2020. (ECF No. 1.) Plaintiff ABRO Management Corp. moved by Order to Show Cause to remand the action to New York State Supreme Court on September 1 (ECF No. 3.), noting that defendants had failed to demonstrate complete diversity of citizenship and alleging that the amount in controversy did not exceed $75,000.00 because plaintiff's "action is for declaratory relief and not monetary damages." (*Id.* at 6.)

    On September 3, this Court ordered that defendants respond to plaintiff's motion to remand and set out their basis for removal. (ECF No. 8.) Defendants' response, filed September 9, correctly noted that "in actions seeking declaratory or injunctive relief, the amount in controversy is measured by the value of the object of the litigation" (ECF No. 12 at 6), *see Kheel v. Port of New York Auth.*, 457 F.2d 46, 49 (2d Cir. 1972), and demonstrated that the value to plaintiff of maintaining the insurance policy at issue well exceeded the jurisdictional minimum.

    Defendants failed, however, to demonstrate their complete diversity of citizenship from plaintiff, a New York domiciliary. On September 10, this Court issued an order noting that a limited liability company has the citizenship of each of its members for purposes of diversity jurisdiction, *see Horowitz v. Loop Capital Markets LLC*, No. 15-Cv-1253 (SHS), 2016 WL 727211, at *1 (S.D.N.Y. Feb. 19, 2016); *Liu v. 88 Harborview Realty, LLC*, 5 F. Supp. 3d 443, 447 (S.D.N.Y. 2014), and requiring defendants to set forth the citizenship of each of defendant Dual Commercial LLC's members. (ECF No. 13.) On September 14, defendants filed a letter representing that Dual Commercial is comprised of one member, DUAL North America, Inc., a citizen of Delaware and Florida. (ECF No. 14.)

Plaintiff responded the same day and represented that, since the insurance policy at issue has now lapsed, ABRO has suffered monetary damages resulting from the necessity of purchasing alternative coverage at "substantially greater expense." (ECF No. 15 at 1.) Consequently, though plaintiff continues to object to the propriety of this Court's jurisdiction, it requests leave to file and serve an amended summons and complaint alleging breach of contract and monetary damages resulting from the improper cancellation of insurance. (*Id.* at 3.)

Defendants having demonstrated that complete diversity of citizenship exists between the parties, and that the amount in controversy exceeds $75,000,

IT IS HEREBY ORDERED that plaintiff's motion to remand this action to state court is DENIED. Plaintiff's request for leave to file and serve an amended summons and complaint is GRANTED.

Dated: New York, New York
       October 19, 2020

SO ORDERED

SIDNEY H. STEIN
U.S.D.J.